### UNITED STATES *v.* LOFTIS.

*(District Court, D. Oregon.   July 11, 1882.)*

1. CRIMES—POSTING NON-MAILABLE MATTER—WRITING DEFINED.

   A sealed letter deposited in the mail, addressed to some one, is not a writing or publication within the purview of the first clause of section 3893 of the Revised Statutes, declaring obscene, etc., books, writings, etc., or " other publication of an indecent character," non-mailable.

2. SAME—LETTER SEALED—NOT WITHIN PROHIBITION.

   A sealed letter is not within the prohibition of said section 3893, however indecent or obscene in its contents; but if there is any such delineation or language put upon the envelope containing it, it thereby becomes non-mailable, and the person depositing it in the mail thereby commits a crime.

Information for Violation of Section 3893 of the Revised Statutes.

*James F. Watson,* for plaintiff.

*George H. Williams* and *George Durham,* for defendant.

DEADY, D. J. The defendant is accused by the information in this case of "the crime of depositing for mailing and delivery in the post-office of the United States a publication of an indecent character, and a letter containing indecent and scurrilous epithets, contrary to section 3893 of the Revised Statutes, committed by knowingly mailing at Rainier, in a sealed envelope, postage paid, and addressed to 'Mr. Joish Way Thayer, Oregon City, Oregon,' a certain obscene and indecent writing and publication" in words and figures as herein set forth.

The defendant demurs to the information because it does not state facts sufficient to constitute a crime, and upon the argument thereof made the point that however the act of the defendant may be char-

acterized by the general charge in the information, its true character must be ascertained from the particular facts stated therein; and that it appeared therefrom that the alleged indecent "publication" was only a private, sealed letter, and not a publication at all, or anything within the purview of the statute; and it was also suggested in support of the demurrer that the language contained in the letter, however filthy, was not "obscene, lewd, or lascivious."

The legislation upon this subject, it appears, commenced with section 148 of the post-office act of July 8, 1872, (17 St. 302,) which provided "that no obscene book, pamphlet, picture, print, or other publication of a vulgar or indecent character, or any letter upon the envelope of which or postal card upon which scurrilous epithets may have been written or printed, or disloyal devices printed or engraven, shall be carried in the mail." By the act of March 3, 1873, (17 St. 599,) said section 148 was amended so as to omit the word "vulgar," and all mention of "disloyal devices," and to include "lewd or lascivious" books, etc., as well as "obscene" ones, and a "paper" as well as a "picture or print;" and the word "indecent" was added to the word "scurrilous," in describing the epithets prohibited on a postal card or the envelope of a letter.

A new clause was also added, prohibiting the transportation in the mails of any "article or thing designed or intended" to prevent conception or procure abortion, or "for any indecent or immoral use or nature," or any communication or notice giving any information where, how, or of whom or by what means any such things may be obtained or made.

This section, as thus amended, became section 3893 of the Revised Statutes, which was again amended by the act of July 12, 1876, (19 St. 90,) so as to add the word "writing" to the category of non-mailable books, etc., and in regard to such letters and postal cards substituted the following: "And every letter, upon the envelope of which, or postal card upon which, indecent, obscene, lewd, or lascivious epithets, terms, or language may be written or printed," is hereby declared to be non-mailable matter.

The punishment for mailing such matter is a fine not less than $100 nor more than $500, or imprisonment at hard labor not less than one year nor more than ten years, or both.

It is admitted that the language used in this letter is indecent. Indeed, it is grossly so. The term is said to signify more than indelicate and less than immodest—to mean something unfit for the eye or ear. Worcest. Dict. And I think it is obscene, also. This latter

word has a wide range in both the Latin and English languages. It includes on the one hand what is merely inauspicious, foul, or indecent, and on the other what is immodest and calculated to excite impure emotions or desires. Worcest. Dict.

It is also admitted that the case made in the information does not come within the clause of the statute directed against letters *eo nomine;* but it is contended by the district attorney that the letter in question is a "writing" within the meaning of that term as used in the first clause of the section, which reads: "Every obscene, lewd, or lascivious book, pamphlet, picture, paper, *writing*, print, or other publication of an indecent character," is declared non-mailable.

Speaking generally, this letter is a writing; but to bring it within this clause of the statute it must be also a "publication." This word "writing" occurs in an enumeration of things—books, pamphlets, pictures, prints, and papers—which *ex vi termini* are *prima facie* publications.

The general phrase with which the enumeration ends, "or other publication of an indecent character," impliedly asserts that the things before enumerated are publications. The expression "John and James and other men" is one in which, by a necessary implication, it is asserted that John and James are men.

A publication is something—as a book or print—which has been published—made public or known to the world. And a writing, as well as a printing, may be published. What constitutes a publication or a making public is a question, and must generally depend upon the circumstances of each case. But a private letter sent by one individual to another in a sealed envelope, cannot be considered a "publication" within this statute. But the fact that the statute has expressly provided for the case of a "letter" in a separate clause, in which the offence that may be committed by means of it is confined to indecent, obscene, etc., language on the envelope in which it is enclosed, is conclusive to my mind that congress did not intend to include it in the term "writing," as used in the clause concerning obscene publications.

It never was the intention of the law to take cognizance of what passes between individuals in private communications under the sanctity and security of a seal. And probably the chief reason for making it a crime to put indecent or obscene delineations or language on the envelope enclosing such communications is to prevent the post-office from being used as a means for committing cowardly and

indecent assaults at a safe distance, or anonymously, upon the feelings and character of any one, by the use of indecent or immoral and offensive epithets and suggestions openly addressed to him on the envelope of a letter or a postal card. But what is said privately—within the envelope and under the seal—the statute does not notice. It could not well do so without establishing an espionage over private correspondence, which would never be thought of in a free country.

As was said by Mr. Justice Field in *Ex parte Jackson*, 96 U. S., 727, "the difficulty attending the subject arises, not from the want of power in congress to prescribe regulations as to what shall constitute mail matter, but from the necessity of enforcing them consistently with rights reserved to the people, of far greater importance than the transportation of the mail."

This statute is largely preventive in its character. It defines non-mailable matter by its external appearance when a letter or sealed package, and by its contents when not, and therefore open to inspection by the post-office officials. But if it was intended that it should extend to the contents of a sealed letter, some provision would have been made for a legal examination when there was reason to believe that its contents were obnoxious to the law, and its enforcement not left to the chance complaint of the person to whom it might be addressed. But, as the case stands, it is apparent that the matter to be excluded from the mails, and which is made a crime to deposit therein, is such that its illegal character is open to inspection and can be ascertained without breaking the seal of private correspondence.

Therefore, in the case of a letter, unless it is non-mailable by reason of something upon the outside of it, or the envelope in which it is contained, it is mailable without reference to the character or morality of its contents.

And yet it is quite certain that the public good would be promoted and no private right injured by including such a case as this within the statute, upon the complaint of the party injured, and thereby prevent the mails from being used as a comparatively-safe means by one person to annoy and wound the feelings of another by applying to him in a letter indecent or obscene epithets, or accusing him in gross and beastly language of criminal or immoral conduct.

The demurrer is sustained.