UNITED STATES *v.* MORRIS.

*(Circuit Court, D. Oregon.  January 4, 1884.)*

1. RULING OF THE CIRCUIT JUSTICE OR JUDGE.
   A ruling of the circuit justice or judge, on the circuit, ought to be followed by the other judges thereon, until the question is determined by the supreme court.

2. U. S. *v.* LOFTIS, 8 SAWY. 194; [S. C. 12 FED. REP. 671.]
   The ruling in this case being opposed to the decision of the circuit judge in an unreported case in the district of California, not then known to the district judge of Oregon, the latter is now followed and the former disregarded, without reference to the personal opinion of said district judge; but in the light of further examination of an information on the subject the case is not regarded as sound, and is overruled.

Information for Mailing Obscene Letter.

*James F. Watson,* for plaintiff.

*Cyrus A. Dolph,* for defendant.

DEADY, J.   This is an information brought by the district attorney, under section 3893 of the Revised Statutes, as amended by the act of July 12, 1876, (19 St. 90.)   It charges the defendant, in substance and effect, with depositing a sealed envelope in the United States post-office at Sweet Home, Oregon, addressed to a female person, (naming her,) for mailing and delivery at said office, containing a sheet of paper upon which was written an obscene letter, and upon which was also drawn with pen and ink a lewd picture.   The defendant demurred to the information, for that the facts stated do not constitute a crime or violation of any statute of the United States. The ground of the demurrer is that the statute does not include obscene matter in a letter or sealed envelope, otherwise than upon the outside of the envelope itself.   The question was before me in July, 1882, in *U. S.* v. *Loftis,* 8 Sawy. 194, [S. C. 12 FED. REP. 671,] when I held upon the argument then made, without the production of any authority, that the word "writing" in the first clause of the section, although comprehensive enough to include a "letter," did not as there used include anything that was not a publication; and that a sealed letter sent by one individual to another was not a "publication" within the statute.   Weight was also given, in this connection, to the fact that the section, in a later clause, expressly provides for the case of a "letter," in which the offense to be committed by that means is limited to indecent, etc., language on the envelope in which

it is inclosed. Since then, upon consultation with Circuit Judge SAWYER, I have learned that he had held otherwise in several unreported cases in the district of California. Until a question is determined by the supreme court it is proper that the ruling of the circuit justice or judge of the circuit should be followed by the other judges therein. Mr. Justice FIELD has not passed upon the question, but upon consultation with him I find that he is inclined to agree with the circuit judge. I also learn from a note of Mr. Justice BLATCHFORD that prior to 1876 he held that an obscene writing or letter was not included in section 3893, but that thereafter it was amended by inserting the word "writing" between "paper" and "print," as it now stands.

In *U. S.* v. *Gaylord,* 17 FED. REP. 438, (July, 1883,) Judge DRUMMOND in an able and convincing opinion, held that the section, as amended in 1876, includes an obscene writing or letter inclosed in a sealed envelope. At the close of his opinion he states that because of the different view taken in *U. S.* v. *Loftis,* he submitted it to Mr. Justice HARLAN, who concurred in his conclusion.

As the section has been construed by the circuit judge, contrary to the ruling in *U. S.* v. *Loftis,* I feel it my duty, for the present, and irrespective of my own convictions, to follow the former and disregard the latter. But I am free to confess that subsequent reflection, aided by the suggestions of the circuit judge, together with the deliberate opinion of so learned, experienced, and wise a jurist as Judge DRUMMOND, has very much shaken my confidence in *U. S.* v. *Loftis.* And now, that my attention is called to the fact that the word "writing" was added to the section by congress, apparently because Judge BLATCHFORD had held that, without it, a letter containing obscene matter was not included therein, I think there ought to be no hesitation in giving it effect accordingly, so as to include a letter or any writing, sealed or unsealed, having in it or upon it any obscene, etc., language, sign or suggestion.

The demurrer is overruled, and the defendant is ordered to appear and plead or receive judgment.