# UNITED STATES *v.* CHASE.

*(Circuit Court, D. Massachusetts.  June 30, 1886.)*

1. CRIMINAL LAW—INDICTMENT—MOTION IN ARREST OF JUDGMENT—SECTION 1025, REV. ST.

    Under section 1025, Rev. St., a technical defect in an indictment, not tending to the prejudice of the defendant, affords no ground for a motion in arrest of judgment after a plea of guilty.

2. POST-OFFICE—OBSCENE MATTER IN MAILS—TAKING FROM MAILS—DEPOSITING SAME.

    The clause in the act of congress of July 12, 1876, "for the purpose of circulating or disposing of, or of aiding in the circulation or disposition of, the same," applies only to the offense of taking an obscene publication from the mails, and not to that of depositing one in them.

*Chas. Almy, Jr.,* Asst. U. S. Atty., for the United States.
*Warren O. Kyle,* for defendant.
Before GRAY and COLT, JJ.

GRAY, Justice.   This is an indictment on the act of July 12, 1876, *c.* 186, (19 St. 90.)   The first two objections taken to it are that the letter alleged to have been deposited in the mail is imperfectly described; and that the allegation that the defendant knowingly deposited an obscene, lewd, and lascivious letter is defective, because, construed by the technical rules of criminal pleading, the averment is only that the defendant knowingly deposited the letter, and not that he knew its character.   The first objection is supported by  the

decision in *Com.* v. *Wright*, 139 Mass. 382, S. C. 1 N. E. Rep. 411, and the second by the decision in *Com.* v. *Boynton,* 12 Cush. 499. But both these objections relate to defects or imperfections in matter of form only, not tending to the prejudice of the defendant, and therefore, under section 1025 of the Revised Statutes, affording no ground for a motion in arrest of judgment after a plea of guilty.

The third ground of the motion in arrest of judgment cannot be maintained. The clause in the act of 1876, "for the purpose of circulating or disposing of, or of aiding in the circulation or disposition of, the same," applies only to the offense of taking an obscene publication from the mails, and not to that of depositing one in them. This construction is sufficiently manifest on the face of this act, and is confirmed by comparison with section 3893 of the Revised Statutes, of which it is an amendment and enlargement.

The fourth and fifth reasons assigned for the motion in arrest present a more difficult question, which is, in effect, whether the act of 1876, enumerating "every obscene, lewd, or lascivious book, pamphlet, picture, paper, writing, print, or other publication of an indecent character," "and every letter upon the envelope of which, or postal card upon which, indecent, lewd, obscene, or lascivious delineations, epithets, terms, or language may be written or printed," includes an obscene letter inclosed in an envelope or wrapper bearing nothing but the name and address of the person to whom the letter is written. The decisions in other circuits are conflicting. *U. S.* v. *Loftis,* 8 Sawy. 194; S. C. 12 Fed. Rep. 671; *U. S.* v. *Gaylord,* 11 Biss. 438; S. C. 17 Fed. Rep. 438; *U. S.* v. *Morris,* 9 Sawy. 439; S. C. 18 Fed. Rep. 900; *U. S.* v. *Comerford,* 25 Fed. Rep. 902. We are divided in opinion upon this question, and therefore, according to the usage of this court, deliver no opinion upon it, but, at the request of counsel for the United States, order it to be certified to the supreme court.