## UNITED STATES *v.* SLENKER.

*(District Court, W. D. Virginia. October 31, 1887.)*

1. POST-OFFICE—MAILING OBSCENE MATTER—TEST OF OBSCENITY.

The test of obscenity, within the meaning of Rev. St. U. S. § 3893, prohibiting the use of the mails for the circulation of obscene matter, is whether the tendency of the matter sent through the mail is to deprave and corrupt the morals of those whose minds are open to such influences, and into whose hands such writings, prints, and publications may fall; and "lewd," as used in that section, means having a tendency to excite lustful thoughts.[1]

2. SAME.

Where the writings, papers, and publications sent through the mail by the accused are of an obscene, lewd, or lascivious character, the fact that they were so sent in the real or supposed interest of science, philosophy, or morality, is immaterial.

3. SAME—MAILING OBSCENE MATTER—INDICTMENT—SCIENTER.

*Scienter* as to the obscene, lewd, and lascivious character of the matter mailed is an essential ingredient of the offense denounced by Rev. St. U. S. § 3893, prohibiting the use of the mails for the circulation of obscene matter,

---

[1] As to what are "obscene, lewd, or lascivious" publications, within the meaning of section 3893, Rev. St. U. S., prohibiting such publications from being carried in the mail, see U. S. v. Wightman, 29 Fed. Rep. 636, and note.

and an indictment which fails to allege such *scienter* is bad on motion in arrest; the defect not being cured by Rev. St. U. S. § 1025, providing that no indictment shall be deemed insufficient, nor shall the judgment thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant.[1]

4. SAME.

An allegation in an indictment under Rev. St. U. S. § 3893, prohibiting the use of the mails for the circulation of obscene matter, that the accused "knowingly deposited or caused to be deposited," the objectionable matter, cannot be extended to embrace an averment of *scienter*, as to the obscene, lewd, and lascivious character of the matter so deposited.

5. WITNESS—CREDIBILITY—DECOY LETTERS.

The fact that post-office inspectors resorted to test or decoy letters in order to bring to justice a person suspected of using the mails for the circulation of obscene literature, does not operate to discredit their testimony upon the trial of that person for that offense.

Indictment under Rev. St. U. S. § 3893.

At the July special term, 1887, the defendant, Elmina D. Slenker, was indicted under Rev. St. U. S. § 3893, (2d Ed. 1878) in the district court of the United States for the Western district of Virginia. The indictment contained two counts, which were in these words (omitting formal parts,) viz. :

*First Count.* That the defendant, on the fifteenth day of March, 1887, at, etc., "did unlawfully and knowingly deposit and cause to be deposited in the mail of the United States, for mailing and delivery, in the post-office of Snowville, Virginia, certain obscene, lewd, and lascivious writings, papers, prints, and publications, one of which said writings, papers, prints, and publications is called ' The Girl and the Dog,' and the other of said writings, papers, prints, and publications are without any title whatsoever; and all of which said writings, papers, prints, and publications are so lewd, obscene, and lascivious, the same would be offensive to the court here, and are improper to be placed on the records thereof; wherefore the jurors aforesaid do not set forth the same in this indictment. Which said writings, papers, prints, and publications were then and there inclosed in a paper envelope, which said envelope was indorsed in red ink 'Private papers of Elmina D. Slenker, Snowville, Va.,' which said envelope containing said writings, papers, prints, and publications, as aforesaid, were then and there inclosed in another paper envelope, which said last-named paper envelope was then and there addressed and directed as follows: ' W. H. Barclay, Richmond, Virginia,' " etc.

*Second Count.* Said defendant, on the fifth day of October, 1886, at, etc., "did unlawfully and knowingly deposit and cause to be deposited in the mail of the United States, for mailing and delivery, in the post-office of Snowville, Virginia, certain obscene, lewd, and lascivious writings, papers, prints, and publications, which said writings, papers, prints, and publications are without any title or heading whatsoever, and said writings, papers, prints, and publications are so lewd, obscene, and lascivious that the same would be offensive to the court here, and improper to be placed on the records thereof; wherefore the jurors aforesaid do not set forth the same in this indictment. Which said writings, papers, prints, and publications were then and there

---

[1] In U. S. v. Chase, 27 Fed. Rep. 807, the court held that an indictment which charged that the defendant knowingly deposited in the mail an obscene letter, but did not aver that he had knowledge of its character, was defective in matter of form only, and after a plea of guilty such defect was no ground for a motion in arrest of judgment under section 1025, Rev. St. U. S., providing that no indictment * * * shall be deemed insufficient, for imperfections in matter of form only, which do not tend to the prejudice of the defendant.

inclosed in a paper envelope, which said envelope was indorsed in red ink, ' Private and to be returned to Elmina X,' which said envelope containing said writings, papers, prints, and publications, as aforesaid, were then and there inclosed in another paper envelope, which last-named paper envelope was then and there addressed and directed as follows: ' R. M. Williams, Drawer D 6, St. Louis, Mo.,' and was stamped in red ink, ' Please order them from Elmina D. Slenker, Snowville, Pulaski Co., Va.,' " etc.

The case having been adjourned to the October term, the defendant, on October 31, 1887, was put upon trial upon this indictment.

The court (PAUL, J.) charged the jury as follows:

"*Gentlemen of the Jury:* The court instructs you that the questions you are to determine are: (1) Are the writings, papers, prints, and publications alleged in the indictment to have been knowingly deposited in the mail, for mailing and delivery, by the defendant, of an obscene, lewd, or lascivious character? (2) Did the defendant deposit, or cause to be deposited, in the mail, for mailing and delivery, such obscene, lewd, and lascivious writings, papers, prints, and publications?

"The test of obscenity, within the meaning of the statute under which this prosecution is had, is whether the tendency of the matter sent through the mail is to deprave and corrupt the morals of those whose minds are open to such influences, and into whose hands such writings, papers, prints, and publications of this kind may fall; and "lewd" means having a tendency to excite lustful thoughts.

"You are further instructed that, if you believe from the evidence that the said writings, papers, and publications were sent through the mail by the defendant, as charged in the indictment, and were of an obscene, lewd, or lascivious character, the object or purpose for which they were sent is not a matter for your consideration. No matter what the motive or purpose for which they were sent, whether in the real or supposed interest of science, philosophy, or morality, if they are of an obscene character, you should find the defendant guilty. The defendant is presumed to know the character of the matter proved by the government to have been mailed by her to Barclay and McAfee, the government witnesses.

"You are instructed that the detection of crime by means of test or decoy letters is allowable under the law; that the witnesses Barclay and McAfee were justifiable in resorting to this means to discover violations of the postal laws, and their testimony is not to be discredited because they have resorted to this frequent, and frequently indispensable, mode of detecting crime. Their testimony is entitled to the same weight as that of other witnesses, subject, of course, to the same tests as to its truthfulness.

"If on the whole of the evidence you believe that the writings, papers, and publications charged in the indictment to have been deposited in the mail, for mailing and delivery, by the defendant, were of an obscene, lewd, and lascivious character, it will be your duty to find her guilty. If, however, on consideration of the whole evidence in the case, you have a reasonable doubt as to the guilt of the defendant, you must find her not guilty."

There was a verdict of guilty; whereupon, a motion for a new trial having been overruled, the defense moved in arrest of judgment.

*H. C. Allen*, Dist. Atty., and *F. B. Hutton*, Asst. Dist. Atty., for the United States, cited:

1 Bish. Crim. Proc. §§ 504, 611; *Helfrick* v. *Com.*, 29 Grat. 846; Code Va. 1873, p. 1240, § 12; Rev. St. U. S. § 1025; *U. S.* v. *Bennett*, 12 Myer, Fed. Dec. p. 700, § 2485; *Com.* v. *Williams*, 2 Cush. 583; *U. S.* v. *Gooding*,

12 Wheat. 460; *U. S.* v. *Gaylord,* 17 Fed. Rep. 438, (Judge DRUMMOND's opinion;) Bouv. Law Dict. *vide* "Knowingly;" *U. S.* v. *Bennett,* 12 Myer, Fed. Dec. p. 697, § 2482.

*Ronald, Hermans & Chamberlain,* for defendant, cited:

*Rex* v. *Tucker,* Car. Crim. Law, 290; *Com.* v. *Boynton,* 12 Cush. 499; *Com.* v. *Young,* 15 Grat. 664; *Glass* v. *Com.,* 33 Grat. 827; *U. S.* v. *Cruikshank,* 92 U. S. 544; *U. S.* v. *Carll,* 105 U. S. 611; *Com.* v. *McGarrigal,* 1 Benn. & H. Lead. Crim. Cas. 551; Whart. Crim. Law, §§ 297–304, 2159.

The court sustained this motion in the following opinion, filed November 4, 1887.

PAUL, J. The jury in this case having found a verdict of guilty, the defendant moves the court in arrest of judgment, on the ground that it is not alleged in either count of the indictment that the defendant knew the writings, papers, publications, etc., charged to have been by her deposited in the mail, were of an obscene, lewd, and lascivious character. She is charged in the indictment with unlawfully and knowingly depositing, and causing to be deposited, in the mail, for mailing and delivery, certain obscene, lewd, and lascivious writings, papers, etc., but there is no allegation that she knew the papers, writings, etc., to be lewd, etc.

The *scienter,* when necessary to be alleged in an indictment, is matter of substance, and not of form, and its omission is not cured by section 1025 of the Revised Statutes. The district attorney insists that as the indictment is in the language of the statute, it is sufficient. This is the general rule as to sufficiency in describing the offense; but where something more is necessary, such as the allegation of guilty knowledge, then the language of the statute is not always sufficient. This was the case in *U. S.* v. *Carll,* 105 U. S. 611, where the indictment alleged, in the words of the statute, that the defendant feloniously, and with intent to defraud, did pass, utter, and publish a falsely made, forged, counterfeited, and altered obligation of the United States, but did not allege that the defendant knew it to be false, forged, counterfeited, and altered, it was held insufficient even after verdict. The supreme court saying:

"In an indictment upon a statute it is not sufficient to set forth the offense in the words of the statute, unless the words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all elements necessary to constitute the offense to be punished."

To the same effect is the decision of *U. S.* v. *Cruikshank,* 92 U. S. 542. The same objection made to this indictment was made and sustained in the case of *Com.* v. *Boynton,* 12 Cush. 499. These authorities are as high as any that can be invoked in the decision of this question. A very clear rule as to the sufficiency of an indictment is laid down in *Com.* v. *Young,* 15 Grat. 664. It is this:

"If the indictment may be true, and still the accused may not be guilty of the offense described in the statute, the indictment is insufficient."

Let us apply this rule to the case before us. The defendant is charged with knowingly depositing, and causing to be deposited, in the mail, for mailing and delivery, certain obscene papers, etc. She may knowingly

have done this; she may knowingly have caused it to be done, and yet be entirely ignorant of the obscene character of the writings, etc., so deposited, and consequently not guilty of the offense described in the statute. "Knowingly," in the indictment, must be limited to the *act* of depositing, for mailing and delivery, the obscene matter in the mail, and cannot be extended to include a guilty knowledge of the writings, papers, etc. Suppose the indictment charged that the defendant knowingly deposited, and caused to be deposited, in the mail, for mailing and delivery, a certain dangerous and explosive substance known as dynamite or gunpowder; would this be a sufficient allegation that she knew the material to be of a dangerous and explosive character? The court thinks not. The knowledge alleged in the indictment would be confined to the act of mailing. The adjectives "dangerous and explosive" would intervene between the fact of which she is alleged to have knowledge, and separate it from the subject of which she must be charged with having guilty knowledge, and are descriptive of that subject. As stated in the case cited from 12 Cush. *supra*, the guilty knowledge charged was confined to the act of selling, and did not extend to the character of the meat sold.

The case chiefly relied upon by counsel for the government, to sustain this indictment, is *U. S.* v. *Bennett*, 12 Myer, Fed. Dec. 700. An examination of that case will show that the point there raised against the indictment was somewhat different from the one raised here. But granting them to be the same, I cannot think the *Case of Bennett* of more binding authority than the cases which I have cited.

The court is of the opinion that the indictment does not set forth the offense with clearness and all necessary certainty, so as to apprise the accused of the crime with which she stands charged, and every ingredient of which the offense is composed is not accurately and clearly alleged. It is defective because it does not allege that the defendant knew that the writings, papers, etc., which she is charged with having deposited in the mail, for mailing and delivery, were of an obscene, lewd, and lascivious character. This conclusion is clearly sustained by principle and precedent; and the motion in arrest of judgment must be sustained.

Judgment stayed, and defendant discharged.