## UNITED STATES v. DUNBAR.

### (District Court, D. Oregon. February 8, 1894.)

### Nos. 3,420 and 3,580.

1. CUSTOMS DUTIES—SMUGGLING—INDICTMENT.

An indictment for smuggling under Rev. St. § 2865, alleged, substantially in the words of the statute, that the defendant "smuggled and

clandestinely introduced into the United States opium subject to a certain duty, which should have been invoiced. without paying or accounting for such duty, and without having such opium invoiced." *Held*, that the indictment is sufficient without alleging that defendant knew that the duty on the smuggled opium had not been paid.

2. SAME—EVIDENCE—SECONDARY—TELEGRAMS.

On such indictment, telegrams received by the prosecuting witness, and purporting to have been addressed to him by defendant, were admitted in evidence as corroboration of the testimony of such witness as to verbal admissions made by defendant. *Held*, that these telegrams were competent as admissions; and the principle that the original telegrams are the only competent evidence of their contents does not apply.

At Law. On motion for new trial.

This was an indictment against William Dunbar for smuggling, in violation of Rev. St. §§ 2865, 3082, which provide substantially as follows:

"Sec. 2865. If any person shall knowingly and wilfully, with intent to defraud the revenue of the United States, smuggle, or clandestinely introduce, into the United States, any goods, wares, or merchandise, subject to duty by law, and which should have been invoiced, without paying or accounting for the duty, or shall make out or pass, or attempt to pass through the custom house any false, forged or fraudulent invoice, every such person, his, her, or their aiders and abettors, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not exceeding five thousand dollars, or imprisonment for any term not exceeding two years, or both, at the discretion of the court."

"Sec. 3082. If any person shall fraudulently or knowingly bring into the United States, or assist in so doing, any merchandise, contrary to law, or shall receive, conceal, buy or sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported contrary to law, such merchandise shall be forfeited and the offender shall be fined in any sum not exceeding five thousand dollars nor less than fifty dollars, or be imprisoned for any time not exceeding two years or both."

The defendant, being found guilty, moves for a new trial. Motion denied.

Daniel R. Murphy, for the United States.

Alfred F. Sears, Jr., for defendant.

BELLINGER, District Judge. A motion for a new trial is made in this case upon the following grounds: Insufficiency of the indictment, except as to the ninth count, in not alleging knowledge on the defendant's part that the duty due on the smuggled opium had not been paid; error in admitting in evidence certain telegrams purporting to have been sent by the defendant from San Francisco to Blum, the prosecuting witness, at Portland, in this state, and absence of any evidence tending to show that the defendant knew that the opium, of which he is charged in the ninth count with having facilitated the transportation, had been illegally imported into the United States.

In the case of U. S. v. Carll, 105 U. S. 612, it is held that in an indictment upon a statute it is not sufficient to set forth the offense in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended

*to be punished.* The several counts of the indictment in this case, in which the defendant is charged with smuggling, allege that the defendant smuggled and clandestinely introduced into the United States opium subject to a duty of $12 per pound, which should have been invoiced, without paying or accounting for such duty, and without having such opium invoiced. This contains all the elements of the crime of smuggling.

The cases of U. S. v. Slenker, 32 Fed. 691, and U. S. v. Chase, 27 Fed. 807, cited in support of this motion, are cases involving violations of the postal laws by depositing obscene matter in the mails. The indictments charged the defendants with having knowingly deposited in the mails certain obscene papers. This was held insufficient. A person may knowingly deposit a letter or paper in the mails without knowledge of its obscene character. The averments of such an indictment may therefore be true, and yet the defendant be innocent. These cases do not apply to the case to be decided. The word "smuggle" has an accepted bad meaning. It conveys the idea of a secret introduction of goods with an intent to avoid payment of duty. U. S. v. Claflin, 13 Blatchf. 184, Fed. Cas. No. 14,798. The indictment charges that the defendant smuggled and clandestinely introduced the opium in question into the United States without paying or accounting for the duty required by law, and without having such opium invoiced. These allegations are inconsistent with an innocent bringing of these goods into the country. The defendant was required to pay the duty. If he clandestinely, and with intent to defraud the revenues, brought these goods here without invoicing them or paying such duty, he is guilty of a crime. It is not necessary to allege that he had knowledge of his own act. The obligation was upon him to pay the duty. The fact that he did not pay such duty could not be unknown to him.

The two dispatches claimed to have been sent from San Francisco to the defendant by Blum were admitted in evidence for the reason that Blum testified to conversations with the defendant, upon the latter's return to Portland, concerning these dispatches, and that the latter "confirmed" them. The tendency of this testimony was to establish the authenticity of these dispatches by the admission of the defendant. The objection is urged by the defendant's attorney that such admissions cannot be allowed, because the law has made the original telegrams the only evidence admissible as to their contents. And as to this the case of Canal Co. v. Hathaway, 11 N. Y. Com. Law, 495, is cited. The doctrine of that case is that where documentary evidence is made indispensable, unless its absence is legally accounted for, to prove a fact, the admission of a party will not suffice to dispense with the production of such document. In this case the telegrams in question have no other effect than as admissions by the defendant tending to establish the charge against him. It is not a question of dispensing with solemn documentary testimony, but merely one of statements, having the effect of admissions, of a party made in a writing, the genuineness of which has been admitted by the party against whom it is offered.

The fact of the writing adds nothing. The statements would have been just as effective as evidence had they been made orally. The defendant's admissions as to the dispatches entitled them to be received in evidence. Whilden v. Bank, 38 Am. Rep. 4. There is evidence going to show that the opium mentioned in the ninth count came out of a stock that had accumulated in Berg's house, and that this stock of opium had been smuggled into the country at different times with the defendant's assistance or connivance. The motion is denied.