# UNITED STATES

## *v.*

# CASIANO SANTA MARIA.

---

MOTION TO QUASH INDICTMENT.

1. An indictment under the act of March 2d, 1895 (2 U. S. Rev. Stat. Supp. p. 435), charging one with bringing lottery tickets within the United States from abroad, which fails to allege that defendant had knowledge of their unlawful character, or that he knew they were certificates or instruments representing lottery chances, is insufficient and will be quashed.

October 21, 1902.

---

*Mr. Pettingill,* District Attorney, for plaintiff.

*Messrs. Dexter & Hord* for defendant.

HOLT, Judge, delivered the following opinion:

Motion is made by the defendant, Casiano Santa Maria, to quash the indictment, which reads as follows:

"The grand jurors of the United States, impaneled, sworn, and charged at the term aforesaid, of the court aforesaid, on their oath present that Casiano Santa Maria, on the 29th day of May, in the year of our Lord nineteen hundred and two, in the said district, and within the jurisdiction of said court, did knowingly and unlawfully cause to be brought within the United States from abroad for the purpose of disposing of the same, and did

unlawfully cause to be carried by the mails of the said United States, certain certificates or instruments purporting to be or represent a ticket, chance, share, or interest in, or dependent upon the event of, a lottery known as the 'National Lottery of Spain.' "

Several grounds are presented in support of the motion. Among them are that the indictment does not aver that the drawing had not taken place; also that it does not describe the certificates or instruments purporting to be tickets, or the scheme, with sufficient certainty; and that a conviction or acquittal in the case could not, therefore, be pleaded in bar of another indictment. An indictment must unquestionably be sufficiently definite to apprise a defendant of the charge. That in question does aver that the certificates or instruments represented tickets in the lottery known as the "National Lottery of Spain." While it would have been entirely proper for the indictment to aver that the drawing which the writing represented had not taken place, and to have described the certificates or instruments more fully, yet upon this motion the court is inclined to think that these objections are not sufficiently founded. While, however, the indictment does charge the defendant with knowingly causing the certificates or instruments to be brought within the United States for the purpose of disposing of them, and causing them to be carried by the mails of the United States, yet it does not aver that he had knowledge of their unlawful character, or that he knew they were certificates or instruments representing lottery chances. One might knowingly cause a paper to be brought within the United States by mail, and yet not know its unlawful character; and this is necessary to constitute the offense.

Upon this ground, therefore, the motion is sustained and the indictment quashed. The defendant must give bond, to be ap-

United States v. Santa Maria.

proved and taken by the clerk of this court, in the sum of $1,000, to answer any future indictment which may be found by the grand jury. The above views are supported by the following cases: France v. United States, 164 U. S. 676, 41 L. ed. 595, 17 Sup. Ct. Rep. 219; United States v. Slenker, 32 Fed. 691; United States v. Cruikshank, 92 U. S. 569, 23 L. ed. 597.