**UNITED STATES v. CRANK et al.**
No. 9749.

District Court, S. D. California, Central Division.

March 20, 1931.

Samuel W. McNabb, U. S. Atty., of Los Angeles, Cal.

Ames Peterson, of Los Angeles, Cal., for Crank.

COSGRAVE, District Judge.

The accused in this case is one of several charged in an indictment containing six counts which generally charge unlawful importation of liquor; the unlawfulness consisting of violation of the revenue laws. He was convicted on the fourth count alone. The charging part of that count is that the accused did "knowingly, wilfully and unlawfully receive * * * 100 cases of intoxicating liquor which * * * had been theretofore unlawfully imported * * * into the United States contrary to law," in that the same had been theretofore imported without a permit, without having been entered at the custom house and without payment of the duties thereon. The statute, violation of which (section 593 (b), Tariff Act of 1922, 19 USCA § 497), provides that, if any person receives or conceals merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law, he shall be subject to certain penalties.

The accused presents a motion in arrest of judgment, claiming that the indictment does not charge an offense, in that it fails to charge knowledge on the part of defendant that the goods were imported contrary to law. The same point was urged in a motion to quash the indictment before the trial and by demurrer, the ruling on both cases being against the contention of the accused.

The question presented, therefore, is whether the indictment sufficiently charges the offense; that is, the receipt of the goods knowing that the same were unlawfully imported. It is plain that there is no direct averment that the defendant knew the liquor had been unlawfully imported. The question is whether this element is sufficiently stated by the expression "knowingly, wilfully and unlawfully received liquor that had been theretofore unlawfully imported."

Obviously the question is not at all free from doubt, as I am well aware there is authority to support the contention of the accused, and at first glance the language seems to lack the particular element of knowledge of the unlawful importation on the part of the accused. I believe, however, that the language in its common import, and ordinary meaning charges that the defendant received the goods knowing that they had been un-

lawfully imported. It is clearly stated that he knowingly, willfully, and unlawfully received intoxicating liquor that had theretofore been unlawfully imported. The adverb "knowingly" applies to, modifies, and qualifies all that follows.

The office of the indictment is to inform the defendant of the nature and cause of the accusation against him, and it must contain such description of the offense as will enable him to make his defense and plead the judgment in bar of any further prosecution for the same crime. I think the indictment fills these requirements when it charges that he knowingly received liquor that had been unlawfully imported.

In Dunbar v. U. S., 156 U. S. 185, 15 S. Ct. 325, 328, 39 L. Ed. 390, it is in a sense authority in the present case. In that case the indictment charged that the defendant " 'did willfully, unlawfully, and knowingly, and with intent to defraud the revenues of the United States, smuggle and clandestinely introduce into the United States' the prepared opium." The court states: "It is stated in 1 Bish. Cr. Proc. (3d Ed.) § 504, that 'the word "knowingly" or "well knowing" will supply the place of a positive averment that the defendant knew the fact subsequently stated.' And to like effect are the authorities generally. The language of the indictment quoted excludes the idea of any unintentional and ignorant bringing into the country of prepared opium upon which the duty had not been paid, and is satisfied only by proof that such bringing in was done intentionally, knowingly, and with intent to defraud the revenues of the United States. * * * We have, therefore, both the use of a term which implies intentional misconduct and a specific averment that what was done was done willfully, knowingly, and with intent to defraud." Dunbar v. U. S., 156 U. S. 185, 15 S. Ct. 325, 328, 39 L. Ed. 390.

Rosen v. U. S., 161 U. S. 29, 16 S. Ct. 434, 435, 40 L. Ed. 606, is perhaps more clearly in point. The indictment charged that the accused did "unlawfully, wilfully, and knowingly deposit in the postoffice for mailing a certain obscene paper," and the point was urged that, since the statute required knowledge of the obscene character on the part of the accused, the offense was not sufficiently charged.

It is true that no demurrer nor motion to quash was made in that case, and the question arose on motion in arrest of judgment. In upholding the indictment, the court says: "Undoubtedly, the mere depositing in the mail of a writing, paper, or other publication of an obscene, lewd, or lascivious character is not an offense under the statute if the person making the deposit was, at the time and in good faith, without knowledge, information, or notice of its contents. The indictment would have been in better form if it had more distinctly charged that the accused was aware of its character. But this defect should be regarded, after verdict and under the circumstances attending the trial, as one of form, under section 1025 of the Revised Statutes [18 USCA § 556], providing that the proceedings on an indictment found by a grand jury in any district, circuit, or other court of the United States shall not be affected 'by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant.' U. S. v. Chase [C. C.] 27 F. 807; U. S. v. Clark [C. C.] 37 F. 106."

It may be added that the evidence in the case is amply sufficient to support the verdict. I think, therefore, that, while the indictment is carelessly drawn, it nevertheless sufficiently charges the offense, and the motion for arrest of judgment is denied. It is so ordered.