[Crim. No. 155. Third Appellate District.—August 1, 1911.]

THE PEOPLE, Respondent, v. THEODORE HENRY SCHWEICHLER, Appellant.

CRIMINAL LAW—PERJURY AS TO RIGHT TO VOTE—INSUFFICIENT INFORMATION—MATERIALITY OF FALSE OATH NOT SHOWN.—An information for perjury by false testimony as to the defendant's right to vote in a certain precinct, in which the whole basis of the charge is that defendant falsely swore that he had been working for twenty days last past for a person named, who is not alleged to be a resident of the voting precinct, and which fails to show that such false oath was as to any material matter, fails to state the offense of perjury.

Id.—Code Provision—"Material Matter"—Rule of Criminal Pleading.—Under section 118 of the Penal Code, only a person is guilty of perjury to whom an oath has been properly administered, and who, "willfully and contrary to such oath, states as true any material matter which he knows to be false." As a general rule, in the absence of a statute to the contrary, a criminal pleading for perjury must show conclusively that the testimony given or assertion made by defendant, and charged to be false, was material to the issue on the trial of which he was sworn.

Id.—Modes of Pleading Materiality.—The materiality of the alleged false statement may be shown by the criminal pleading in two ways: either by setting forth the nature of the issue and the evidence given thereon, so that, as matter of law, it may be said that the testimony upon which the perjury was assigned is material to the issue; or by showing an action at issue in a court of competent jurisdiction, the testimony given, its willful and felonious falsity, coupled with an averment that it was material to the issue.

Id.—Determining Sufficiency of Pleading—Testimony Given.—In determining the sufficiency of the criminal pleading, the court is confined to the testimony set forth therein, and cannot assume any fact or circumstance connected therewith which may be known to other persons not revealed by such pleading.

Id.—Information Charging No Offense — Reversal — Dismissal of Information.—Where the information filed fails to charge an offense, the cause should be reversed with directions to dismiss the information.

APPEAL from a judgment of the Superior Court of Colusa County. H. M. Albery, Judge.

The facts are stated in the opinion of the court.

W. T. Belieu, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, Deputy Attorney General, for Respondent.

BURNETT, J.—Appellant was convicted of perjury and sentenced to the penitentiary for the term of two years. The accusation was that, in an investigation before the election board of Princeton precinct, in the county of Colusa, at the general election on November 8, 1910, he testified falsely concerning his qualifications as a voter in said precinct. The portion of the information deemed sufficient for

the purpose of discussion is as follows: "That thereupon at the time and place last aforesaid, the right of the defendant to vote at said election was duly challenged upon the ground that he, the said defendant, had not resided within the said precinct of Princeton the length of time prescribed by law in order that he might be entitled to vote at said election in said precinct. That the board of election of said Princeton precinct then and there having and had competent jurisdiction to hear, decide and determine said challenge and proceeding, and was then and there fully empowered to administer the law in said challenge and proceeding; that it then and there became and was material to know in the determination of said challenge, whether or not the said defendant had been a resident of said precinct of Princeton for and during the time required by law to constitute him a qualified elector of said precinct. And said defendant was then and there duly called as a witness in his own behalf upon the trial of said challenge; that thereupon one Vern D. Shaver, a duly appointed, qualified and acting member of the board of election of said precinct at said election, to wit, an inspector, and an officer authorized by law and competent to administer an oath to the said defendant in said proceeding, did then and there, to wit, on the said eighth day of November, 1910, at and in Princeton precinct in Colusa county, state of California, administer an oath in due form of law to said defendant, and being so sworn as aforesaid to testify truly, he, the said defendant, did then and there and in the trial of said challenge, willfully, knowingly, corruptly, falsely and feloniously swear, take oath, say and give in evidence among other things in substance as follows: That he, the said Theodore Henry Schweichler, had been working for one Mr. Cockerill for twenty days last past, whereas in truth and in fact as he, the said Theodore Henry Schweichler, then and there well knew, he, the said Theodore Henry Schweichler had not worked for the said Mr. Cockerill at all during any of the twenty days last past."

It thus appears that the whole basis for the charge of perjury is found in the declaration under oath by defendant that "he had been working for twenty days last past for Mr. Cockerill," and the inquiry is easily suggested whether there is in the information a sufficient exposition of

the materiality of this testimony to satisfy the statutory definition of the crime. Section 118 of the Penal Code provides that: "Every person who, having taken an oath that he will testify, declare, depose, or certify truly before any competent tribunal, officer or person, in any of the cases in which such an oath may by law be administered, willfully and contrary to such oath, states as true any *material* matter which he knows to be false, is guilty of perjury." It being essential that the false statement shall be material to the issue, this quality must, of course, appear by proper averments in the information or indictment. (*People* v. *Jones,* 123 Cal. 299, [55 Pac. 992].)

"In the absence of a statute to the contrary, it is well settled that an indictment for perjury must show conclusively that the testimony given or assertion made by defendant, and charged to be false, was material to the issue on the trial of which he was sworn." (30 Cyc., p. 1433.)

It is equally well settled that there are two modes by which the materiality of the alleged false statement may be shown in the information: "1. By setting forth the nature of the issue and the evidence given thereon, so that as a matter of law it may be said the testimony upon which the perjury is assigned is material to the issue; 2. By showing an action at issue in a court of competent jurisdiction, the testimony given, its willful and felonious falsity, coupled with the averment that it was material to the issue." (*People* v. *Ah Bean,* 77 Cal. 12, [18 Pac. 815]; *People* v. *Tiedeman,* 120 Cal. 131, [52 Pac. 155].) In the information before us there is no averment that the testimony given by appellant was material to the issue. The second above enumerated method is, therefore, eliminated from consideration, and, in order to uphold the pleading, it must be declared, as a matter of law, that the alleged false testimony was material to the issue. The issue was: Did appellant reside in Princeton precinct for thirty days preceding the eighth day of November, 1910? Must it be said that the testimony was relevant to this issue and had a legitimate and effective influence on the decision of the question? Materiality is defined by Bouvier as "The property of substantial importance or influence, especially as distinguished from formal requirement. Capability of properly influen-

cing the result of the trial.'' Whether appellant worked for
Mr. Cockerill or someone else, or whether he worked twenty
days or not at all, would not aid any tribunal in the least
degree in arriving at a conclusion as to whether he was a
resident of Princeton precinct. It must not be forgotten,
of course, that, to determine the sufficiency of the pleading,
we are confined to the testimony set forth. We have no
right to assume that Mr. Cockerill resided in Princeton pre-
cinct or any other circumstance known to the election board
or developed by appellant's testimony that is not revealed
by the information. We might conceive of a situation where
it would be probably material, in the determination of the
issue of residence, to inquire whether a witness worked for
Mr. Cockerill at a certain time. As is well known, it often
happens that evidence which, standing alone, would be re-
jected as entirely immaterial, is quite important and ma-
terial by reason of its connection with other evidence. For
instance, when it has a legitimate tendency to prove or dis-
prove any material fact in the chain of evidence, as in the
case of *People* v. *Prather,* 134 Cal. 436, [66 Pac. 589, 863],
where the materiality of the alleged perjured testimony,
given upon the trial for larceny, appears from proof that it
had a strong tendency to weaken the evidence going to the
point of identification of the stolen property, which was a
vital point in the case. In other words, it is enough if it
be circumstantially material, although not in itself sufficient
to establish the issue. (30 Cyc., p. 1419.) But nothing of
the kind appears in the case at bar. We are limited to the
issue set out in the information, and our only inquiry is
whether the statement that appellant worked for twenty
days prior to the election for Mr. Cockerill—whoever he may
be and wherever he may live—has any legal pertinency to
the question as to appellant's residence in Princeton pre-
cinct. It would have been a simple matter to have alleged
other circumstances, if they existed, whereby it could be
seen that appellant's declaration had some logical connection
with the issue, or it would perhaps have been more satis-
factory to have alleged that said testimony was material, but,
since neither situation is presented, we feel satisfied it should
be held that the information charged no offense and that

the cause should be reversed with directions to dismiss the information, and it is so ordered.

Hart, J., and Chipman, P. J., concurred.