EL PUEBLO, DEMANDANTE Y APELADO, *v.* MARINI, ACUSADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en causa por acometimiento y agresión con circunstan-
cias agravantes.

No. 734.—Resuelto en enero 19, 1915.

ACOMETIMIENTO Y AGRESIÓN CON CIRCUNSTANCIAS AGRAVANTES—DENUNCIA—IN-
FERENCIAS O DEDUCCIONES.—Aun cuando no se exigen en una denuncia todos
los requisitos indispensables a una acusación, cuando un estatuto enumera
específicamente los hechos por virtud de los cuales un acometimiento y agre-
sión simple puede convertirse en grave, es necesario que se expresen estos
hechos claramente en la denuncia, pues no pueden quedar los mismos sujetos
a inferencias o deducciones.

ID.—NOSCITUR A SÓCIIS—SITIOS DE REUNIÓN O ASAMBLEA.—El fin que persigue
el párrafo 2 de la sección 6 de la ley sobre acometimiento y agresión, de
acuerdo con el principio *noscitur a sociis*, es el de impedir que ocurran inci-
dentes desordenados y tumultuosos en un sitio de reunión o asamblea y cas-
tigar con mayor severidad a cualquier persona que altere la paz y tran-
quilidad de dicha reunión o asamblea acometiendo y agrediendo a otro ser
humano.

ID.—SITIOS DE REUNIÓN O ASAMBLEA—ANCIANOS, MUJERES Y NIÑOS.—El párrafo
2 de la sección 6 de la ley sobre acometimiento y agresión, no es aplicable a
todas y cada una de las congregaciones de gentes en la calle u otra parte,
sino a un sitio de reunión, como las cortes, iglesias, teatros y otros seme-
jantes, no estableciendo la circunstancia agravante consignada en el referido
párrafo la mera presencia de ancianos, mujeres y niños.

ID.—FOETE, AZOTE, BASTÓN.—Lo que constituye esencialmente el delito de aco-
metimiento y agresión con circunstancias agravantes, de acuerdo con el
párrafo 6 de la sección 6 de la ley, es el uso de un instrumento por virtud
del cual se infiere deshonra a la persona agredida, y cuando se desea alegar
que se ha hecho uso de un foete, azote o bastón, o instrumento semejante,
debe hacerse constar así en la denuncia.

ID.—PALO (STICK)—BASTÓN (CANE)—INSTRUMENTO DEGRADANTE.—El uso de
la palabra ''palo'' (*stick*) en una denuncia por acometimiento y agresión,
no implica que se hubiera empleado en la comisión del delito un instrumento
degradante, puesto que tal palabra, siendo la genérica, puede no sólo sig-
nificar un bastón (*cane*), sino también cualquier otro instrumento de madera,
tal como un roten, una rama de árbol, un bate.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Salvador Mestre, Fiscal.*

Abogado del apelante: *Sr. Leopoldo Feliú.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.

El primer error que ha sido alegado en este caso consiste en no haber declarado con lugar la corte de distrito la excepción perentoria que se formuló a la denuncia. El denunciante acusó específicamente a Vidal Marini de un delito de acometimiento y agresión con circunstancias agravantes, cometido del modo siguiente:

Que en abril 4 de 1914, hora como las 11 p. m., y en la calle de McKinley, de la ciudad de Mayagüez, Distrito Judicial de Mayagüez, P. R., el referido Vidal Marini, voluntaria, maliciosamente, y sin causa justificada y con intención de causarle grave daño corporal, acometió y agredió con un palo a Isaac Irizarry Sasport, infiriéndole una herida en el frontal derecho y una contusión en el brazo derecho, de cuya herida y contusión fué curado en la Sala de Socorros de dicha ciudad y que el referido hecho fué cometido al salir las personas que concurrían a la función del teatro "Yagüez" en la noche de la referida fecha, sin tener el acusado en cuenta que salía un sinnúmero de señoras, niñas y ancianos.

El apelante admite que en la denuncia se imputa claramente un delito de acometimiento y agresión, pero él insiste en que en ella no se hizo alegación alguna de acometimiento y agresión con circunstancias agravantes. Hemos resuelto generalmente que no será preciso que en la presentación de una denuncia se exijan todos los requisitos que son necesarios a una acusación, si bien existen excepciones. Cuando en un estatuto se enumeran en lenguaje claro e inequívoco los hechos por virtud de los cuales un acometimiento simple puede convertirse en grave, deberán, éstos ser claramente expresados en la denuncia. No deben los mismos quedar sujetos a inferencias o deducciones. La ley de marzo 10, 1904 (Leyes de la sesión de 1904, pág. 42) señala diez casos separados y distintos en los cuales un acometimiento simple se convierte en grave, y para que un acusado pueda ser declarado culpable de un delito de acometimiento y agresión con circunstancias agravantes deberá acusársele específicamente de haber incurrido en alguno de dichos casos, especial-

mente cuando la pena se aumenta del máximum de $50 en
los casos de acometimiento y agresión simple a una multa
máxima de $1,000, o dos años de cárcel, por acometimiento
y agresión con circunstancias agravantes.

El Pueblo trata de probar que las circunstancias agra-
vantes son aquellas especificadas en los párrafos 2 y 6 de
la sección 6ª. de la ley de marzo 10, 1904. La sección 6ª. y
los párrafos pertinentes de la misma, son los siguientes:

"SECCIÓN 6a.—Un acometimiento y agresión será considerado con
circunstancias agravantes en los siguientes casos:

   \*      \*      \*      \*      \*      \*      \*

"2. Cuando se cometiere en un tribunal de justicia o en cualquier
sitio religioso o en algún lugar donde se hallaren reunidas varias per-
sonas con fines lícitos;

   \*      \*      \*      \*      \*      \*      \*

"6. Cuando el instrumento o los medios que se emplearen fue-
ren tales, que infirieren deshonra a la persona agredida, como acome-
timiento y agresión con foete, azote, o bastón."

Se alega en esta denuncia que el delito fué cometido en
la calle, en momentos en que varias personas salían del tea-
tro entre las que se encontraban señoras, niñas y ancianos.
El delito no fué cometido en un tribunal de justicia, sitio
religioso, o en algún lugar donde se hallaban reunidas varias
personas con fines lícitos. El acusado no estaba o se encon-
traba en la reunión. Esta ya había terminado y la gente
salía de la misma. El fin que se proponía esta sección, de
acuerdo con el principio *noscitur a sociis,* era el de impedir
que ocurrieran incidentes desordenados y tumultuosos en un
sitio de reunión y castigar con mayor severidad a cualquier
persona que alterara la paz y tranquilidad de dicha reunión
o asamblea acometiendo y agrediendo a otro ser humano.
La sección 2 no es aplicable a todas y cada una de las congre-
gaciones de gentes, en la calle u otra parte, sino a un sitio
de reunión, como las cortes, iglesias, teatros u otros seme-
jantes. Si el acometimiento y agresión hubiera tenido lugar
dentro del teatro entonces hubiera sido con circunstancias

agravantes, pero la mera presencia de ancianos, mujeres y niños en la calle no establece las circunstancias agravantes consignadas en el párrafo 2 de la sección 6ª.

Al considerar el párrafo 6º., sección 6ª. de la ley de marzo 10, 1904, vemos que lo que constituye esencialmente el delito es usar un instrumento por el que se infiera deshonra a la persona agredida. Lo que la ley le dice al hombre es: "Aunque V. puede usar un bastón, vergajo o foete si lo emplea contra un semajante corre gran riesgo. Estos son instrumentos que se usan como ayuda o para castigar a los animales, y en cierta época a los esclavos. Su empleo en otro ser humano es degradante. Por consiguiente, si bien es verdad que puede usar un bastón no debe emplearlo contra otro semajante sin mediar provocación adecuada." De donde se desprende naturalmente, que cuando el Gobierno desea alegar que se ha hecho uso de un vergajo, foete, o bastón debera hacerlo en términos claros.

Ahora bien, puede que sea cierto, como alega El Pueblo, que la palabra "palo" (*stick*) fué usada para indicar el empleo de un "bastón" o "*cane,*" según el uso popular, pero la cuestión que ha sido sometida a nuestra consideración por virtud de dicha denuncia es la de si fué informado de algún modo el acusado que las circunstancias agravantes en su caso consistían en haber usado él un *cane* o bastón. La palabra "palo" o "*stick*" es la genérica. Ella puede significar un "bastón" pero significa también necesariamente un roten, una rama de un árbol, un cachero de pelotas, u otros instrumentos de madera. Lo que tuvo presente el párrafo 6º., como hemos visto, fué el uso de un instrumento degradante. Un acusado tiene derecho a saber que se le acusa de haber usado un instrumento con el cual había la intención no solamente de causar daño sino también deshonra a la víctima. La ley se propone conservar la paz castigando fuertemente el delito de acometimiento y agresión por el que se trata de deshonrar a un hombre. La ley asimismo proteje a aquellos que no son culpables de determinado delito.

Si por ejemplo A es ofendido por B y coge el primer palo que encuentra a su lado y con él pega a B, y luego se le acusara de haber pegado a B con un palo, podría estar dispuesto a ser juzgado sin testigos y asumir las consecuencias. Si B. ignorante o maliciosamente trata de probar que el delito fué cometido con un bastón, entonces debe dársele a A la oportunidad de presentar prueba en contrario. Si A creyó que sencillamente se le había de acusar por acometimiento y agresión simple y se proponía probar las amenazas y provocación por parte de B, puede que no llamara a las personas que vieron cuando se causó el golpe. Pero si se le acusa de haber acometido a B con un bastón, entonces tal vez podría convenirle mostrar por los concurrentes que el hecho ocurrió de otro modo y que no se usó ningún bastón. En el presente caso el acusado no tuvo conocimiento alguno de que se le acusaba de haber usado un instrumento especialmente calculado para causar deshonra, pues ''palo'' o ''*stick*'' puede significar un sin número de cosas.

Quizás podríamos tener alguna duda en este caso si se expresara en la denuncia que el acusado era culpable de un delito de acometimiento y agresión con circunstancias agravantes por haber éste pegado al denunciante con un palo causándole heridas y nada más se alegara en ella. En la denuncia, sin embargo, se trata de alegar aunque de modo imperfecto, la comisión de un delito de acuerdo con el párrafo 2. A nuestro juicio bien pudo el acusado haber creído que se le acusaba de una alteración de la paz, de una reunión pública o cuasi pública. No se ha dado ningún énfasis a la palabra ''palo'' y no existen palabras que de modo especial indiquen que con el acometimiento se infirió deshonra a la víctima. El acusado no solamente pudo creer que se quiso hacer referencia a la circunstancia agravante del párrafo 2°., sino que también podría estar en duda de si la agravante que se trató de establecer era o no la contenida en el párrafo 7, a saber:

''7. Cuando se infiere una herida grave a la persona agredida.''

En la denuncia se alega que el hecho se cometió con la intención de causar grave daño corporal a Sasport. También en ella se hizo cierta referencia aunque en forma ambigua, a las señoras, niñas y ancianos. Nos referimos a estas ambigüedades porque entendemos que por el uso de las mismas en la denuncia el acusado no pudo darse cuenta de que por el empleo casual de la palabra "palo" debió él saber que se quiso decir "*cane*" o "bastón."

Debe revocarse la sentencia y devolverse los autos para la celebración de un nuevo juicio y demás procedimientos que no sean incompatibles con esta opinión.

> *Revocada la sentencia apelada, ordenándose
> la celebración de un nuevo juicio y demás
> procedimientos que no sean incompatibles
> con la opinión.*

Jueces concurrentes: Sres. Presidente Hernández y Asodos del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.