PEOPLE, PLAINTIFF AND APPELLEE, *v.* BARBOSA, DEFENDANT AND APPELLANT.

### APPEAL from the District Court of San Juan in a Prosecution for Perjury.

#### No. 1666.—Decided May 20, 1921.

PERJURY—ESSENTIALITY OF STATEMENT—PLEADING.—The materiality of the false statement as affecting the question in controversy or point investigated being an essential element of the crime of perjury, that fact should be alleged and the accuser may allege that it was essential or set out facts showing its essentiality under the law, but both are not necessary. When the false state-

ment is made at a trial the former is the current method and the best in practice; but when the perjury is committed in an affidavit the second method is perhaps more usual.

The facts are stated in the opinion.

*Mr. C. Iriarte, Jr.* for the appellant.

*Messrs. José E. Figueras, Fiscal,* and *C. Llauger* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant, hereinafter referred to as defendant, was convicted of perjury upon an information charging the following facts:

"On or about January 25, 1919, in San Juan, P. R., within the judicial district of the same name, the aforesaid Rafael Barbosa appeared as a witness before Agustín Font, municipal judge of San Juan, P. R., and having sworn to speak the truth in a case pending before the said judge and prosecuted by The People of Porto Rico against Pedro José Cartagena for aggravated assault and battery upon the person of Andrés Rodríguez Vera, unlawfully, wilfully and maliciously, and knowing that he was lying, testified that he was present when the acts being investigated before the municipal judge of San Juan were committed, the said testimony when given bearing upon an essential element of the case that was the subject of investigation and it not being true that the said Rafael Barbosa was present at the place where the crime was committed and for which a complaint had been filed against Pedro José Cartagena, or that the said Rafael Barbosa had any real knowledge of such facts."

The *fiscal* recommends a reversal, citing as sole authority for such action *People* v. *Colón,* 10 P. R. R. 197. In that case the alleged perjury seems to have been committed, if at all, by swearing falsely before a justice of the peace, but beyond this there was nothing whatever to indicate the nature, subject matter, object or purpose of the sworn statement in question. There was no mention of any affidavit or complaint and no reference whatever to any pending case or proceeding. For practical purposes a statement may be regarded as true or false independently of any other matter

or thing. But the word "material," as used in our Code, is a relative term. Ordinarily, at least, the alleged false statement constituting the gist of the offense is not intrinsically material or material *per se* or material in any absolute sense or material to itself, but must be material to some external situation, issue or subject matter. Hence, to say simply that the matter is material is meaningless. So, in the *Colón Case,* this court said:

"In the information against Marcos A. Colón for subornation of perjury it is affirmed that he maliciously and criminally induced Pablo Torres, Jr., and Bernabé Ortega to swear as they did before the justice of the peace of Morovis, that Gregorio Rodríguez Escribano, during the electoral period, had conducted a political propaganda by offering medicine which he carried with him to the countrymen in the *barrios* of Pasto and Vaga, and adds that these matters, the truth of which was not known to Torres and Ortega, were material; but the information does not explain why such matters were material, and we believe that in view of the terms of the information they were not material or important, because it does not state whether Gregorio Rodríguez Escribano was a candidate for an office during the electoral period referred to, or whether the countrymen among whom the political propaganda was made by the offer of medicine were electors, nor whether the principal purpose of the offer of medicine was to gain the votes of certain electors in favor of certain candidates.

"On account of the lack of sufficient details in the information, we cannot affirm whether or not Pablo Torres, Jr., and Bernabé Ortega falsely charged Gregorio Rodríguez Escribano before the justice of the peace of Morovis with having committed an offense against the elective franchise provided for and punished in the Penal Code or in the Act approved March 1, 1902, to provide for elections in Porto Rico, in which case the matters to which Pablo Torres, Jr., and Bernabé Ortega swore at the investigation of Marcos A. Colón would undoubtedly be material or important."

Obviously, had the information disclosed the existence and nature of the subject matter to which the alleged false statements might have related, then the averment that such

statements were material to such subject matter would have sufficed. But the isolated averment in the abstract without any basis therefor was self-contradictory and equivalent to no averment. That, in substance, seems to be the meaning of the opinion in the *Colón Case.*

But, be this as it may:

"The materiality of the false testimony to the issue or point of inquiry being an essential element in the offense, it must be averred. And the pleader, in doing this, may at his election say that it was thus material, or set out facts from which its materiality will in law appear. He need not do both. Where the false testimony was delivered in a trial, the former is the common method, and the better practically. Even a few of the cases seem to require it, to the exclusion of the latter. Where the perjury was in an affidavit, the latter method is perhaps the more common." 3 Bishop's New Criminal Procedure, 1811, § 921.

In *People* v. *Ayala,* 13 P. R. R. 195, the information specified *"a sworn complaint* in the justice of the peace court" and averred that *"in this complaint* the said Genaro Ayala maliciously and knowing the statement to be false, swore as true that 'the night of the occurrence Emilio Pietri and Manuel Peralta were returning from the *barrio* of Santana about 10 p. m.,' this being an important and material matter *of the complaint."*

In the circumstances, differing from the *Colón Case* only in the particulars indicated by italics, *supra,* this court held, to quote the syllabus, that—

"An information for perjury containing an express allegation with respect to the essential and material nature of the facts sworn to by the defendant as true, knowing the same to be false, is sufficient, and it is not necessary to allege any other fact tending to show the essential or material nature of such facts."

And in *People* v. *Viader,* 23 P. R. R. 672, the information charged that (italics ours)—

"In San Juan, which forms a part of the judicial district of the same name, on or about July 16, 1914, at the time fixed for *challenging the voters* who were to take part in the general elections to be held in the Island of Porto Rico on November 3, 1914, the said José Narciso Viader, unlawfully, wilfully and maliciously and with the intent to *deprive* Bernardino González Goyena, a *qualified voter, of his vote,* appeared before Roberto H. Todd, a notary public of Porto Rico, who, in such capacity was authorized to administer oaths, and then and there, knowing that he was swearing falsely, after he had sworn to tell the truth, the whole truth and nothing but the truth, made the averment, the falsity of which was apparent to him and *it being an essential fact,* that Bernardino González Goyena, *whose name appeared in the list of qualified voters,* registered in July, 1914, *as a resident of the ward of Santurce,* 53 years of age and of a dark complexion, *did not live in and was not a resident* of the municipality of San Juan, and requested that his name be stricken from the list of voters, whereas, in fact, he is a resident of Santurce of the municipality of San Juan."

And again, this court said:

"The information is correct. It contains all the essential elements required by law and jurisprudence for charging the crime of perjury."

See also Joyce on Indictments, page 261, § 241; *People v. Sweichler,* 16 Cal. App. 738, 117 Pac. 939, and other cases cited in Kerr's Cal. Digest, 1915, pages 7275 and 7279, sections 7 and 17.

In the light of the elementary rules so laid down, we must decline to adopt the suggestion as made by counsel for the government.

Upon a careful examination of all the evidence, however, we are persuaded that the penalty of three years in the penitentiary imposed by the court below is somewhat excessive and that, in the peculiar circumstances of this particular case, a term of one year will satisfy the demands of substantial justice.

The judgment appealed from should be modified accordingly and, as modified,

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Aldrey concurred.