EL PUEBLO, DEMANDANTE Y APELADO, *v.* BARBOSA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por perjurio.

No. 1666.—Resuelto en mayo 20, 1921.

PERJURIO—ESENCIALIDAD DE LA FALSA DECLARACIÓN—ACUSACIÓN SUFICIENTE.— Siendo un elemento esencial del delito de perjurio la materialidad de la falsa,

declaración en cuanto a la cuestión litigiosa o punto de investigación, debe ser alegada y el que acusa puede a su elección alegar que era de tal modo esencial, o exponer hechos de los cuales aparezca la esencialidad de acuerdo con la ley. No se necesita hacer ambas cosas. Cuando la falsa declaración fué dada en un juicio, el primero es el método corriente y el mejor prácticamente. Cuando el perjurio se cometió en un *affidavit* el segundo método es quizás el más corriente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Iriarte, Jr.*

Abogados del apelado: *Sres. José E. Figueras, Fiscal* y *C. Llauger.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El apelante, a quien en adelante nos referiremos como acusado, fué declarado culpable de un delito de perjurio por virtud de una acusación en la cual se le imputan los siguientes hechos:

"El citado Rafael Barbosa allá por el día 25 de enero de 1919 y en San Juan, P. R., que forma parte del Distrito Judicial del mismo nombre, y en ocasión de haber comparecido como testigo ante el Hon. Agustín Font, Juez Municipal de San Juan, P. R., quien estaba autorizado para tomar juramentos, y habiendo el referido acusado jurado declarar la verdad en un caso pendiente ante dicho funcionario e iniciado por *El Pueblo de Puerto Rico* v. *Pedro José Cartagena* por un delito de acometimiento y agresión con circunstancias agravantes en la persona de Andrés Rodríguez Vera, ilegal, voluntaria y maliciosamente, y a sabiendas de que mentía, declaró encontrarse en el sitio en que se desarrollaron los hechos que estaban siendo objeto de investigación por el Juez Municipal de San Juan, y cuya declaración en el momento en que fué prestada hacía referencia a un extremo esencial del asunto que se ventilaba; no siendo verdad que Rafael Barbosa se encontrara en el lugar en que se realizó el delito de que se acusaba a Pedro José Cartagena, ni que dicho Rafael Barbosa conociera en absoluto tales hechos."

El fiscal recomienda la revocación de la sentencia y cita como única autoridad para ello el caso de *El Pueblo* v. *Colón,* 10 D. P. R. 207. En ese caso el alegado perjurio parece haberse cometido, si se cometió, jurando falsamente ante un

juez de paz, pero fuera de esto no hubo nada absolutamente que indicara la naturaleza, materia en cuestión, objeto o propósito de la declaración jurada en cuestión. No se hizo mención alguna a ningún *affidavit* o denuncia, ni ninguna referencia de estar pendiente algún caso o procedimiento. Para fines prácticos una declaración puede ser considerada como verdadera o falsa independientemente de cualquiera otra materia o cosa. Pero la palabra "substancial" como se emplea en nuestro Código es un término relativo. Por lo menos, generalmente, la supuesta falsa declaración que constituye la característica del delito no es intrínsicamente substancial, o substancial *per se,* o en ningún sentido absoluta, o en sí misma, pero debe ser substancial a alguna situación externa, cuestión litigiosa o materia en cuestión. Por tanto, decir simplemente que la cuestión es esencial es cosa que no tiene significación. Así pues, en el caso de Colón este Tribunal dijo lo siguiente:

"En la acusación contra Marcos A. Colón por instigación a cometer el delito de perjurio se afirma que aquél indujo maliciosa y criminalmente a Pablo Torres 2do. y a Bernabé Ortega a que juraran, como juraron en falso ante el Juez de Paz de Morovis que Gregorio Rodríguez Escribano, durante el período electoral hacía propaganda política mediante ofertas a los campesinos de los barrios de Pasto y de Baga de medicinas que llevaba consigo, y se agrega que esos hechos, cuya certeza no constaba a Torres y a Ortega, eran esenciales; pero en la acusación no se explica por qué tales hechos eran esenciales, y nosotros creemos que atendidos los términos de la acusación no eran esenciales o importantes, pues en ella no se dice si Gregorio Rodríguez Escribano era candidato para algún cargo en el período electoral a que se alude, ni si los campesinos entre quienes hacía propaganda política mediante oferta de medicinas eran electores, ni si las ofertas de medicinas tenían por principal objeto adquirir votos o sufragios de electores determinados en favor de ciertos candidatos.

"Por falta de expresión suficiente en la acusación no podemos afirmar que Pablo Torres 2do. y Bernabé Ortega imputaron falsamente ante el Juez de Paz de Morovis a Gregorio Rodríguez Escri-

bano la perpetración de algún delito contra el derecho electoral de
los previstos y castigados en el Código Penal o en la ley aprobada
en 1ro. de marzo de 1902 para proveer lo necesario para elecciones
en Puerto Rico, en cuyo caso indudablemente serían esenciales o im-
portantes los hechos que por instigación de Marcos A. Colón juraron
Pablo Torres 2do. y Bernabé Ortega.''

Claramente que si la acusación hubiera revelado la exis-
tencia y naturaleza de la materia en cuestión a la cual las
supuestas falsas declaraciones podrían haberse referido, en-
tonces la alegación de que tales manifestaciones eran esen-
ciales a dicha materia en cuestión hubiera sido suficiente.
Pero la alegación aislada, en abstracto, sin ninguna base para
ella era por sí misma contradictoria y equivalente a si no
se hubiese hecho ninguna alegación. Ese en sustancia pa-
rece ser el significado de la opinión en el caso de Colón.

Pero sea esto como fuere, hacemos referencia a la siguiente
cita:

"Siendo un elemento esencial del delito, la materialidad de la
falsa declaración a la cuestión litigiosa o punto de investigación, debe
ser alegada. Y el que alega, al hacer esto, puede a su elección decir
que era de tal modo esencial, o exponer hechos de los cuales apare-
cerá su esencialidad de acuerdo con la ley. El no necesita hacer
ambas cosas. Cuando la falsa declaración fué dada en un juicio el
primero es el método corriente y el mejor prácticamente. Hasta
unos pocos de los casos parecen exigirlo con exclusión de la segunda.
Cuando el perjurio se cometió en un *affidavit* el segundo método es
quizás el más corriente." 3 Bishop's New Criminal Procedure,
1811, No. 921.

En el caso de *El Pueblo* v. *Ayala,* 13 D. P. R. 200, la acu-
sación especificaba "*una denuncia jurada* en el juzgado de
paz" y alegaba que "*En dicha denuncia* el dicho Genaro
Ayala maliciosamente y conociendo su falsedad, juró como
cierto 'que la noche del suceso don Emilio Pietri y don Ma-
nuel Peralta regresaron del barrio de Santana, serían las
diez de la noche, siendo éste un hecho importante y esencial
*a dicha denuncia.*' "

Dentro de las circunstancias que sólo se diferencian del caso de Colón en los particulares indicados en bastardilla *supra,* esta corte resolvió haciendo cita del sílabo, que—

"Una acusación por perjurio que contenga una alegación expresa con respecto a la esencialidad y materialidad de los hechos que el acusado jurara como ciertos conociendo su falsedad, es suficiente, sin que sea necesario alegar ningún otro hecho tendente a mostrar esa esencialidad o materialidad."

Y en el caso de *El Pueblo* v. *Viader,* 23 D. P. R. 724, la acusación imputaba lo siguiente (bastardilla nuestra):

"El citado José Narciso Viader, allá el día 16 de julio de 1914, en San Juan, que forma parte del distrito judicial del mismo nombre, y en los días fijados *para hacer las recusaciones de los electores* que podían tomar parte en las elecciones generales que deben celebrarse el día 3 de noviembre de 1914, en la Isla de Puerto Rico, ilegal, voluntaria y maliciosamente y con la intención de *privar de su voto al elector capacitado* Bernardino González Goyena, compareció ante el notario público de Puerto Rico, Roberto H. Todd, el que en su carácter de notario público estaba autorizado para tomar juramentos y entonces y allí y a sabiendas de que juraba una falsedad, después de haber jurado decir la verdad, toda la verdad y nada más que la verdad, afirmó, constándole su falsedad *y siendo un hecho esencial,* que Bernardino González Goyena, *el que aparecía inscrito en la lista de electores capacitados,* inscritos en julio de 1914, *como vecino del barrio de Santurce,* con la edad de 53 años, de color trigueño, *no tenía residencia, no era vecino* de la municipalidad de San Juan, solicitando su eliminación de las listas; siendo la verdad que es vecino de Santurce, dentro de la municipalidad de San Juan."

Y de nuevo esta corte se expresó como sigue:

"La acusación es correcta. Contiene todos los requisitos esenciales que la ley y la jurisprudencia exigen para que se entienda cometido un delito de perjurio."

Véase también a Joyce on Indictment, página 261, sección 241; *People* v. *Sweichler,* 16 Cal. App. 738, 117 Pac. 939, y otros casos citados en el Digesto de California de Kerr, 1915, páginas 7275 y 7279, secciones 7 y 17.

A la luz de las reglas elementales así expuestas debemos negarnos a adoptar la sugestión como ha sido hecha por el abogado del gobierno.

Después de un examen cuidadoso de toda la prueba estamos convencidos, sin embargo, de que la condena de tres años en el presidio impuesta por la corte inferior es algo excesiva y que dentro de las circunstancias peculiares de este caso en particular la imposición de un término de un año será bastante para que se cumplan los fines de la justicia sustancial.

La sentencia apelada debe ser modificada de conformidad, y como quede modificada confirmarse.

> *Confirmada la sentencia apelada pero modificándola en el sentido de rebajar a un año la condena.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.