EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* NICOLÁS SERRANO, acusado y apelante.

No. 3228.—*Visto:* Junio 10, 1927. *Resuelto:* Junio 25, 1927.

ACOMETIMIENTO Y AGRESIÓN — RESPONSABILIDAD CRIMINAL — DELITOS—ACOMETIMIENTO Y AGRESIÓN GRAVE—ACOMETIMIENTO Y AGRESIÓN REALIZADO CON UNA SOGA.—Una denuncia que imputa un acometimiento y agresión realizado por una persona en la de otra con una soga, imputa el delito de acometimiento y agresión con agravantes, previsto por la sección 6, inciso 6 de la Ley de marzo 10, 1904 (comp. 5664).

SENTENCIA de *Angel Acosta Quintero,* J. (San Juan), condenando al acusado por delito de acometimiento y agresión con agravantes.   *Confirmada.*

*Enrique Campillo,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

El acusado fué denunciado porque "voluntaria, maliciosa e ilegalmente, acometió y agredió a Heraclio Merced, dándole varios cantazos por la espalda con un pedazo de soga, dentro del cafetín de Santiago Vega, sito en la mencionada calle. . . .''

Celebrado el juicio, la corte inferior le declaró culpable y le impuso una multa de $90.   No conforme apeló y señala como único error que la denuncia no imputa un delito de acometimiento y agresión con circunstancias agravantes y sí un acometimiento y agresión simple.

El apelante se limita someramente a sostener en términos generales que los hechos de la denuncia no están comprendidos en el delito de acometimiento y agresión grave que define la Ley de marzo 10, 1904, citando los casos de *El Pueblo* v. *Marini,* 22 D.P.R. 11, y *El Pueblo* v. *Rivera,* 23 D. P.R. 421.

El fiscal está conforme con el apelante y cita a su vez el caso de *Marini, supra,* y sostiene además que la traducción de la palabra *"cow-hide"* por "azote," que aparece del texto en español, no es correcta, pues "azote," según el Diccionario de la Lengua Española, "es el instrumento con que se azota."

Los casos citados, sin embargo, por sus circunstancias no tienen aplicación al presente.

El hecho imputado parece comprendido en el inciso 6 de la sección 6 de la Ley de marzo 10, 1904, sección 5664 de la Compilación de 1911, pág. 948, que dice:

"Sec. 6.—Todo acometimiento y agresión será considerado con circunstancias agravantes en los siguientes casos: . . . 6. Cuando

el instrumento o los medios que se emplearen fueren tales que infirieren deshonra a la persona agredida, como acometimiento y agresión con foete, azote o bastón.''

El punto para determinar, sin embargo, no es si la palabra *"cow-hide"* a que se refiere el fiscal, está o no bien traducida del texto inglés para una debida aplicación a este caso. Aunque la traducción no sea correcta, la palabra *":cow-hide,"* así como las demás que emplea el inciso 6, son más bien los ejemplos de instrumentos típicos o específicos que al ser usados para acometer y agredir no sólo causan daño sino que infligen afrenta y deshonra a la víctima. Ellos no excluyen otros instrumentos de igual naturaleza. La soga es una cuerda gruesa hecha de pita, de cáñamo o de otra materia. Tiene diferentes usos pero se emplea generalmente para atar las bestias, sirviendo a veces para castigarlas. Y no hay duda que si un pedazo de soga es utilizado para pegar a una persona, o darle unos ''cantazos,'' como dice la denuncia, no sólo se causa daño sino que su empleo es degradante, infiriendo deshonra al perjudicado.

Por todo lo expuesto, *debe confirmarse la sentencia apelada.*