El Pueblo de Puerto Rico, demandante y apelado, *v.* Manuel Arroyo Arroyo, acusado y apelante.

No. 5060.—*Sometido:* Noviembre 14, 1933. *Resuelto:* Noviembre 28, 1933.

*R. Rivera Zayas,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Manuel Arroyo fué acusado de un delito de acometimiento y agresión consistente en haber acometido y agredido en la noche del 22 de abril de 1932, en Comerío, con un bastón, a Manuel Morales, causándole una herida contusa en la frente. Alegó su inocencia y celebrado el juicio fué declarado culpable, imponiéndosele una multa de cincuenta dólares. No conforme, apeló para ante este tribunal. Señala en su alegato la comisión de dos errores cometidos a su juicio por la corte, 1, al declararlo culpable de acometimiento y agresión, y 2, al apreciar la concurrencia de la agravante del bastón.

Hemos examinado cuidadosamente la prueba practicada. La de cargo demuestra de modo preponderante que en la noche del 22 de abril de 1932 había muchas personas reu-

nidas en una de las calles de Comerío frente a una casa en que se verificaban inscripciones de electores; que dos muchachos se fueron a las manos excitándose con tal motivo los ánimos, y el acusado, perteneciente a un partido político, acometió y agredió con un bastón que portaba a Manuel Morales, perteneciente a otro partido político, causándole una herida en la frente, y casi inmediatamente otra persona lanzó una piedra contra el acusado que lo hirió en la cabeza. Hay algunas manifestaciones también en la prueba de cargo que tienden a demostrar que el acusado usó su bastón después de recibir la pedrada. La prueba de descargo tiende a demostrar que el acusado no sólo había sido ya herido cuando hizo uso del bastón contra Morales si que actuó después de ser atacado por éste.

La corte de distrito resolvió el conflicto dando crédito a la prueba de cargo demostrativa del acometimiento y agresión por parte del acusado sin que fuera aún agredido por nadie y menos por Morales. Se advierte por sus preguntas el cuidado que puso el juez en averiguar cuál versión era la cierta y el acusado no nos ha convencido de que errara al declararlo culpable. No existe el primer error.

La acusación claramente imputa el delito de acometimiento y agresión con agravantes. Expresamente alega que el instrumento usado fué un bastón. Cumple con lo exigido en el estatuto, Sección 6, No. 6, de la Ley sobre Acometimiento y Agresión de 1904, Leyes de 1904, p. 42, tal como se interpretó por esta Corte en el caso de *El Pueblo* v. *Marini*, 22 D.P.R. 11. El bastón usado por el acusado se describe por uno de los testigos de cargo, así: "El bastón era un bastón largo, que tenía una varilla de hierro por dentro. Estaba forrado de badana," y a él refiriéndose dijo el agredido Morales: "Con un bastón que tiene algo como alrededor de media libra de peso sobre la parte adonde se empuña." El propio acusado al declarar lo llama bastón. Además se presentó como prueba, de suerte que pudo ser examinado directamente por el Juez.

Al argumentar su señalamiento de error sostiene el acusado que no se trataba de la clase de bastón que exige la ley porque la Corte consideró, al absolver al acusado de otra acusación que contra él se formulara, que no constituía un arma prohibida.

No es necesario que el bastón sea arma prohibida. La agravante no consiste en que el instrumento sea susceptible de causar grave daño corporal. Expresamente dijo el legislador en el No. 6 de la sección 6 de la Ley de 1904 que hemos citado: "Cuando el instrumento o los medios que se emplean fueren tales, que infirieren deshonra a la persona agredida, como acometimiento y agresión con foete, azote o bastón." Es la deshonra que el instrumento usado lleva consigo lo que constituye la agravante.

No existiendo tampoco el segundo y último de los errores señálados, *procede la confirmación de la sentencia recurrida.*