MANUEL TORRES, Petitioner and Appellant, *v.* ANDRÉS A. LUGO, Defendant and Appellee.

No. 8065. Argued March 6, 1940.—Decided May 28, 1940.

F. Ochoteco Jr., Luis E. Dubón and A. D. Marchand Paz for appellant. R. A. Gómez, Prosecuting Attorney, and Luis Janer, Assistant Prosecuting Attorney, for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Manuel Torres appeals from an adverse decision in an habeas corpus proceeding.

The theory of the petition was that a judgment of conviction for aggravated assault and battery whereby petitioner had been sentenced to a year and a half in jail was void for want of jurisdiction because the information did not charge an aggravated assault and battery.

The penalty for simple assault "or for assault and battery, unattended with circumstances of aggravation" is "a fine of not less than one nor more than fifty dollars". Penal Code (1937 ed., p. 154.) "An assault and battery becomes aggravated when committed under any of the following circumstances:

"1.—When committed upon an officer in the lawful discharge of the duties of his office, if it was known or declared to the offender that the person assaulted was an officer discharging an official duty."

The information in the instant case purported to charge "an offense of aggravated assault and battery" alleged to have been committed as follows:

"Said defendant Manuel Torres on the first day of February, 1939, in San Juan, Puerto Rico, which forms part of the Judicial Municipal District of San Juan, did voluntarily and maliciously, with violence and intent to injure him, assault with his hands and fists the person of Marcelino Romaní, with knowledge that said Marcelino Romaní was and is district judge of the Judicial District of San Juan, Puerto Rico, who was then and there in the lawful discharge of his official duties."

Appellant's contention is that the information did not inform him as to his knowledge of the fact that the district judge at the time of the assault was "discharging an official duty".

██ As pointed out by Mr. Justice de Jesús, to whom the petition was addressed, the character of the offense as "aggravated assault and battery" was at least notice of an attempt to charge that offense. Judge De Jesús also cited in support of his conclusion as to the sufficiency of the information, the following cases: *United States* v. *Nathan,* 61 Fed. 936; *United States* v. *Clark,* 37 Fed. 106; *Henry* v. *United States,* 15 Fed. (2d) 624; *Bell* v. *United States,* 100 Fed. (2d) 474, 478; and *People* v. *Avilés,* 54 P.R.R. 257.

Appellant relies on: *People* v. *Marini,* 22 P.R.R. 10; 4 Am. Jur. 178, sec. 98; 6 C. J. S. 969; *People* v. *Tinnen,* 49 Cal. App. 18, 192 Pac. 557; *Kutler* v. *United States,* 79 Fed. (2d) 440; *People* v. *Schweichler,* 16 Cal. App. 738, 117 Pac. 939; *People* v. *Montañez,* 31 P.R.R. 491; *People* v. *Wong Wang,* 92 Cal. 277, 28 Pac. 270; and *People* v. *Allison,* 25 Cal. App. 746, 145 Pack 539.

In *Hagner* v. *United States,* 285 U. S. 427, 431, the Supreme Court said:

"The rigor of old common law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' *Cochran and Sayre* v. *United States,* 157 U. S. 286, 290; *Rosen* v. *United States,* 161 U. S. 29, 34."

See also *People* v. *Avilés,* 54 P.R.R. 257 and cases cited.

By the terms of section 71 of the Code of Criminal Procedure (1935 ed.)—

"The information must contain:

.        .        .        .        .        .        .        .        .

"2. A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

Sections 82, in part, and 83 read as follows:

"Section 82.—The information is sufficient if it can be understood therefrom:

.        .        .        .        .        .        .        .        .

"6.—That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended.

"7.—That the act or omission charged as the offense, is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction, according to the right of the case.

"Section 83.—No information is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of the rights of the defendant upon its merits."

At least it cannot be said in the instant case, as was said in *People* v. *Marini, supra,* that the defendant was left in doubt as to which of several different kinds of aggravated assault was intended to be charged. The information made it quite clear that the pleader intended not only to charge the commission of an aggravated assault, but to charge that particular species of aggravated assault indicated in subdivision 1 of section 6 of the law, *supra,* and none other of the ten different kinds of aggravated assault enumerated in that section.

It must be conceded that this is a border case. The language of the information is inept enough. Nevertheless, we cannot bring ourselves to believe that defendant was misled to his prejudice. Any defendant "of common understanding" would gather from the information, we think, that he was charged with having knowingly assaulted and battered a district judge while in the performance of his official duties, or—to express the same thought in more words—

with having assaulted and battered Marcelino Romaní with knowledge that the said Romaní was at the time a district judge and that he was at the time engaged in the discharge of his official duties. Hence, we cannot agree with appellant that the information fails to charge an aggravated assault and battery.

The order appealed from must be affirmed.