Manuel Torres, peticionario y apelante, *v.* Andrés A. Lugo, demandado y apelado.

Núm. 8065.—*Sometido:* Marzo 6, 1940. *Resuelto:* Mayo 28, 1940.

*F. Ochoteco, Jr., Luis E. Dubón* y *A. D. Marchand Paz,* abogados del apelante; *R. A. Gómez, Fiscal* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

Manuel Torres apela de una resolución adversa dictada en un procedimiento de hábeas corpus.

La teoría de la petición fué que un fallo condenatorio por el delito de acometimiento y agresión grave a virtud del cual el peticionario fué sentenciado a año y medio de cárcel era nulo por falta de jurisdicción, toda vez que la acusación no imputaba un delito de acometimiento y agresión con circunstancias agravantes.

El castigo para el delito de acometimiento y agresión simple o para "acometimiento y agresión que no apareje circunstancias agravantes, consistirá en multa que no bajará de un dólar ni excederá de cincuenta". Código Penal (ed. 1937, pág. 155). "Todo acometimiento y agresión será considerado con circunstancias agravantes en los siguientes casos:

"1.—Cuando se cometa en la persona de un funcionario legal en el cumplimiento de sus deberes, en caso de saberse o haberse hecho saber a la persona que cometiere el hecho, que la persona agredida era un funcionario en el desempeño de un deber oficial." (Código Penal, ed. 1937, pág. 155.)

La acusación en el presente caso pretendía imputar "un delito de acometimiento y agresión grave" cometido, según se alegaba, en la siguiente forma:

"El referido acusado Manuel Torres, el día primero de febrero de 1939, y en San Juan, Puerto Rico, que forma parte del Distrito Judicial Municipal de San Juan, allí y entonces, de una manera ilegal, voluntaria y maliciosamente, usando de violencia y con intención de causar daño corporal, acometió y agredió con los puños y las manos a la persona de Marcelino Romany, a sabiendas de que dicho Marcelino Romany era y es juez de distrito del Distrito Judicial de San Juan, Puerto Rico, quien se encontraba allí y entonces en el legítimo desempeño de sus funciones oficiales, y de los deberes de su cargo."

La contención del apelante es que la acusación no le informaba que él tuviera conocimiento del hecho de que el juez de distrito, al tiempo de ser agredido, estuviera "en el desempeño de un deber oficial".

■■ Conforme indica el Juez Asociado Sr. De Jesús, a quien se dirigió la petición original, la naturaleza del delito como "acometimiento y agresión grave" indica por lo menos al acusado qué delito se le intenta imputar. El Juez De Jesús también cita en apoyo de su conclusión en torno a la suficiencia de la acusación los siguientes casos: *United States* v. *Nathan,* 61 F. 936; *United States* v. *Clark,* 37 F.

106; *Henry* v. *United States*, 15 F. (2d) 624; *Bell* v. *United States*, 100 F. (2d) 474, 478; y *Pueblo* v. *Avilés*, 54 D.P.R. 272.

El apelante se funda en la siguiente jurisprudencia: *Pueblo* v. *Marini*, 22 D.P.R. 12; 4 Am. Jur. 178, sec. 98; 6 C. J. S. 969; *People* v. *Tinnen*, 49 Cal. App. 18, 192 Pac. 557; *Kutler* v. *United States*, 79 F. (2d) 440; *People* v. *Schweichler*, 16 Cal. App. 738, 117 P. 939; *Pueblo* v. *Montañez*, 31 D.P.R. 516, 518; *People* v. *Wong Wang*, 92 Cal. 277, 28 P. 270; y *People* v. *Allison*, 25 Cal. App. 746, 145 P. 539.

En *Hagner* v. *United States*, 285 U. S. 427, 431, la Corte Suprema de los Estados Unidos dijo:

"El rigor de las antiguas reglas de procedimiento criminal del derecho común ha cedido, en la práctica moderna, al principio general de que los defectos de forma que no resultan perjudiciales al acusado serán pasados por alto. La verdadera norma en cuanto a la suficiencia de una acusación no es si la misma pudo ser más clara y específica, sino si ella contiene los elementos del delito que se trata de imputar, 'e informa suficientemente al acusado de lo que él debe prepararse a afrontar, y, para el caso de que se inicien cualesquiera otros procedimientos en su contra por un delito similar, si los autos demuestran con certeza hasta qué punto el acusado puede alegar una absolución o convicción anterior.' *Cochran and Sayre* v. *United States*, 157 U. S. 286, 290; *Rosen* v. *United States*, 161 U. S. 29, 34."

Véase también el caso de *Pueblo* v. *Avilés*, 54 D.P.R. 272, 277, y casos en él citados.

De conformidad con el artículo 71 del Código de Enjuiciamiento Criminal (edición 1935)—

"La acusación debe contener:

.        .        .        .        .        .        .

"2. Una exposición de los actos constitutivos del delito, en lenguaje conciso y corriente, y redactada de tal modo que cualquier persona de inteligencia común pueda entenderla."

Los artículos 82, en parte, y 83 leen así:

"Artículo 82.—La acusación es suficiente, si de ella se deduce:

.        .        .        .        .        .        .

"6. Que la acción u omisión considerada como delito está expuesta clara y distintamente en lenguaje corriente y conciso, sin repetición y de tal modo que facilite a cualquier persona de inteligencia común conocer lo que se quiere decir.

"7. Que la acción u omisión considerada como delito esté expresada cón tal grado de claridad, que facilite al tribunal el pronunciar su sentencia como resultado de una convicción y conforme a derecho.

"Artículo 83.—Ninguna acusación es insuficiente, ni puede el juicio u otro procedimiento cualquiera que sobre ella se base ser afectado a causa de algún defecto o imperfección de forma, siempre que tal defecto o imperfección de forma no tienda en lo esencial a perjudicar los derechos del acusado."

Por lo menos en el presente caso no puede decirse, conforme se indicó en el caso de *El Pueblo* v. *Marini,* supra, que se dejó al acusado en dudas respecto a cuál de las distintas modalidades del delito de acometimiento grave se trataba de imputar. En la acusación se hacía constar de manera clara que el fiscal no solamente tenía la intención de imputarle la comisión de un delito de acometimiento y agresión grave, sino de acusarle de aquella modalidad específica de acometimiento y agresión grave indicada en el inciso primero de la sección 6 de la ley, supra, mas no de ninguna otra de las diez distintas modalidades de acometimiento con circunstancias agravantes enumeradas en dicha sección.

Hay que admitir que éste es un caso dudoso. El contexto de la acusación es bastante deficiente. No obstante, no podemos creer que en lo esencial los derechos del acusado fueran perjudicados. Cualquier acusado "de inteligencia común" deduciría de la acusación, a nuestro juicio, que se le imputaba el haber, a sabiendas, acometido y agredido a un juez de distrito mientras éste se hallaba en el desempeño de sus deberes oficiales, o—para expresar el mismo pensamiento en mayor número de palabras—de haber acometido y agredido a Marcelino Romany a sabiendas de que dicho Romany era para aquel entonces un juez de distrito y que en aquellos momentos estaba en el desempeño de sus deberes oficiales.

En su consecuencia, no podemos convenir con el apelante en que la acusación deja de imputar el delito de acometimiento y agresión con circunstancias agravantes.

*Debe confirmarse la resolución apelada.*

El Juez Asociado Sr. De Jesús no intervino.